VIRGINIA:

IN THE CIRCUIT COURT FOR THE CITY OF CHESAPEAKE

MUTUAL ASSURANCE SOCIETY OF VIRGINIA A/S/O RANDOLPH AND RUBY CROMWELL,

Plaintiff,

v. Case No.

AMAZON.COM, INC.,

Defendant.

**COMPLAINT**

Plaintiff Mutual Assurance Society of Virginia, as subrogee of Randolph and Ruby Cromwell ("Plaintiff"), by counsel, moves this Court for Judgment against Amazon.com, Inc., on the grounds and in the amount as set forth hereinafter.

**THE PARTIES**

1. Plaintiff Mutual Assurance Society of Virginia ("Mutual Assurance") is a corporation duly organized and existing under the laws of the Commonwealth of Virginia with its principal place of business located at 4001 Fitzhugh Ave, Richmond, Virginia 23230, and at all times relevant hereto, was engaged in the insurance business and was authorized to issue property and casualty insurance policies in the Commonwealth of Virginia.

2. Mutual Assurance's insureds, Randolph and Ruby Cromwell (together, the "Cromwells"), are adult individuals and residents of the Commonwealth of Virginia who, at all times relevant hereto, owned the real and personal property located at 536 Beauregard Drive, Chesapeake, Virginia, 23322 (the "Property").

EXHIBIT A

3. Defendant Amazon.com, Inc., ("Defendant Amazon") is a Delaware corporation with its principal place of business located at 410 Terry Avenue North, Seattle, Washington 98108, and at all times relevant hereto, was engaged in the business of designing, manufacturing, producing, marketing, labeling, assembling, supplying, distributing, and/or selling a motorized, battery-operated wheelchairs.

**JURISDICTION AND VENUE**

4. Jurisdiction in this matter is appropriate in the Circuit Court for the City of Chesapeake, Commonwealth of Virginia, pursuant to Virginia Code § 8.01-328.1.

5. Venue in this matter is appropriate in the Circuit Court for the City of Chesapeake, Commonwealth of Virginia, pursuant to Virginia Code §§ 8.01-257 and 8.01-262.

**FACTS**

6. Plaintiff incorporates by reference the preceding paragraphs as though set forth fully herein.

7. At all times relevant hereto, the Cromwells owned and occupied the Property.

8. At all times relevant hereto, Mutual Assurance insured the Property including its structures and contents.

9. At all relevant times, Defendant Amazon was engaged in the designing, manufacturing, producing, marketing, labeling, assembling, supplying, distributing, and/or selling the 2021 Lightweight Electric Wheelchair, Order No. 111-7081491-9038610 ( "the subject wheelchair").

10. On or about August 18, 2021, the Cromwells' grandson purchased the subject wheelchair for the benefit of Mr. Cromwell.

11. The subject wheelchair was then marketed, sold, and distributed by Defendant Amazon through an on-line shopping platform owned and operated by Defendant Amazon.

12. The subject wheelchair reached the Cromwells' residence at 536 Beauregard Drive, Chesapeake, Virginia on or about September 1, 2021 and was kept thereon without any substantial change in the condition in which it was originally sold by Defendant Amazon.

13. On or about September 3, 2021 as a result of the defective and unreasonably dangerous condition of the subject wheelchair, specifically its battery-powered unit, there was a fire that caused significant damage to the Cromwells' real and personal property and displaced the Cromwells from their residence.

14. Pursuant to the Policy issued by Mutual Assurance to the Cromwells, Mutual Assurance has made payments to or for the benefit of the Cromwells from the damages resulting from the fire, and accordingly, is subrogated to the rights of the Cromwells against Defendant Amazon.

**COUNT I – NEGLIGENCE**

15. Plaintiff incorporates by reference the preceding paragraphs as though set forth fully herein.

16. Defendant Amazon owed a duty of ordinary care to Plaintiff in the design, manufacture, labeling, production, distribution, marketing, supply, and sale of the subject wheelchair.

19. Defendant Amazon breached these aforementioned duties by designing, manufacturing, distributing, marketing, supplying, labeling, producing, selling, and/or placing the subject wheelchair into the stream of commerce in a defective and unsafe condition.

20. On or about the aforementioned date of loss, the subject wheelchair failed due to a design and/or manufacturing defect within the battery unit, causing a fire that resulted in real and personal property damages and other damages as previously plead.

21. The subject fire and resulting damages sustained by Plaintiff were caused by the negligence of Defendant Amazon, its agents, servants, and/or employees, acting within the course and scope of their employment and agency, in:

a) designing, manufacturing, labeling, producing, selling, marketing, distributing, supplying, and/or assembling the subject wheelchair in a defective and unreasonably dangerous condition that was unsafe for its intended use;

b) failing to properly and adequately design, manufacture, label, assemble, inspect and/or test the subject wheelchair to ensure that it would not fail, or that if it did fail it would not fail in a catastrophic manner creating a dangerous and unreasonable risk of fire;

c) failing to properly and adequately design, manufacture, label, and/or assemble the subject wheelchair in conformity with industry standards;

d) failing to adequately warn of the risks of the defect of the subject wheelchair; and

e) failing to use due care under the circumstances.

22. As a direct, proximate and foreseeable result of the aforesaid negligence of Defendant Amazon, the subject wheelchair catastrophically failed, and Plaintiff sustained damages, including direct physical damage to the Property, damages to personal property, and other expenses associated with the loss.

23. Pursuant to the policy of insurance issued by Mutual Assurance to the Cromwells, Mutual Assurance made payments to the Cromwells as a result of the fire damage in an amount exceeding $400,000.00.

24. By virtue of the aforesaid payment and pursuant to the terms of the aforesaid insurance policy, Mutual Assurance is legally, equitably, and contractually subrogated to the rights of its insureds to the extent of such damages.

**COUNT II – BREACH OF IMPLIED WARRANT OF MERCHANTABILITY**

25. Plaintiff incorporates by reference the preceding paragraphs as though set forth fully herein.

26. Defendant Amazon impliedly warranted, pursuant to Virginia Code § 8.2-314, that the subject wheelchair was of good and merchantable quality and was reasonably safe and fit for its ordinary purpose to be used as a motorized, battery-operated wheelchair to assist individuals with mobility difficulties.

27. Defendant Amazon regularly deals in the manufacture, distribution, supply, and/or sale of the electric wheelchairs of the type that failed, and are merchants with respect to such motorized, battery-operated wheelchairs, pursuant to Virginia Code § 8.2-314.

28. The subject wheelchair was defective, unreasonably dangerous, unfit for its intended and ordinary purpose, and not merchantable in that it presented an unreasonable risk of fire during normal operation and failed to conform to Defendant Amazon's representations.

29. By furnishing a motorized, battery-operated wheelchair that was defective in its design, manufacture, and/or warning, Defendant Amazon breached the implied warranty of merchantability under Virginia Code § 8.2-314.

30. As a direct, proximate and consequential result of the breach of the implied warranty of merchantability, the subject wheelchair catastrophically failed, and Plaintiff sustained damages, including direct physical damage to the Property, damages to personal property, and other expenses associated with the loss.

31. Pursuant to the policy of insurance issued by Mutual Assurance to Cromwells, Mutual Assurance made payments to the Cromwells as a result of the fire damage in an amount exceeding $400,000.00.

32. By virtue of the aforesaid payment and pursuant to the terms of the aforesaid insurance policy, Mutual Assurance is legally, equitably, and contractually subrogated to the rights of its insureds to the extent of such damages.

**COUNT III – BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE**

33. Plaintiff incorporates by reference the preceding paragraphs as though set forth fully herein.

34. Defendant Amazon impliedly warranted that its product, the subject wheelchair, was fit for its particular purpose, pursuant to Virginia Code § 8.2-315, which was to be used as a motorized, battery-operated wheelchair to assist individuals with mobility difficulties.

35. Defendant Amazon knew or should have known that purchasers and end users relied upon their skill and judgment to supply a suitable product for that purpose.

36. By furnishing a motorized, battery-operated wheelchair that was defective in its design, manufacture, and/or warning, Defendant Amazon breached the implied warranty of fitness for a particular purpose under Virginia Code § 8.2-315.

37. As a direct, proximate and consequential result of the breach of the implied warranty of fitness for particular purpose, the subject wheelchair catastrophically failed, and Plaintiff sustained damages, including direct physical damage to the Property, damages to personal property, and other expenses associated with the loss.

38. Pursuant to the policy of insurance issued by Mutual Assurance to the Cromwells, Mutual Assurance made payments to the Cromwells as a result of the fire damage in an amount exceeding $400,000.00.

39. By of the aforesaid payment and pursuant to the terms of the aforesaid insurance policy, Mutual Assurance is legally, equitably, and contractually subrogated to the rights of its insureds to the extent of such damages.

## PRAYER FOR RELIEF

WHEREFORE, for the reasons stated above, Plaintiff Mutual Assurance Society of Virginia, as subrogee of Randolph and Ruby Cromwell, respectfully requests that this Court enter Judgment in its favor against Defendant Amazon.com, Inc. in the amount of Five Hundred Thousand Dollars and Zero Cents ($500,000.00), plus pre-judgment and post-judgment interest, its cost and expenses, and such other relief that this Honorable Court deems just and proper under the circumstances.

**TRIAL BY JURY IS DEMANDED.**

**MUTUAL ASSURANCE SOCIETY OF VIRGINIA A/S/O RANDOLPH CROMWELL AND RUBY CROMWELL**

By Counsel

______________________________

John R. Owen (VSB No. 39560)
John P. Dunnigan (VSB No. 93483)
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia 23255
804-747-5200 - Phone
804-747-6085 - Fax
jowen@hccw.com
jdunnigan@hccw.com